State v. Perry

was revoked" and "[w]hile under the influence of intoxicating liquor; this being his second offense" of operating a motor vehicle while under the influence of intoxicating liquor. Upon his plea of not guilty, the jury returned a verdict of "guilty as to both offenses." From judgments on the verdict, defendant appealed.

*Attorney General Edmisten, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Alfred N. Salley, for the State.*

*Miller, Alley & Killian, by Leon M. Killian III, for defendant appellant.*

---

STATE OF NORTH CAROLINA v. WILLIAM DONALD PERRY

No. 759SC296

(Filed 2 July 1975)

ON *certiorari* to review the trial of defendant before *Hall, Judge.* Judgment entered 29 August 1974 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 12 June 1975.

The defendant was charged in separate bills of indictment, proper in form, with the armed robbery of William Eaton and with assaulting William Eaton with a deadly weapon with intent to kill inflicting serious injury. At trial, the State offered evidence tending to show that on 22 December 1973, between four and five o'clock in the morning, the defendant and another man came to a motel near Franklinton where Eaton was working and inquired about a room. The defendant was carrying a "suit bag" over his shoulder. Defendant pointed a shotgun at Eaton and struck him several times with "some solid object." The defendant fired the shotgun and part of the load went into an adding machine with some of the shot striking Mr. Eaton in the hand. Approximately $180.00 was taken from Mr. Eaton. The witness testified that he recognized both of the men as having been at his motel inquiring about the price of a room several weeks earlier.

The investigating officers found a letter in the suit bag addressed to the defendant. The defendant signed a confession stating that he and "June Bug" planned and executed the robbery of Mr. Eaton at the motel.

The defendant offered no evidence at trial. The defendant was found guilty of armed robbery and assault with a deadly weapon inflicting serious injury.

From a judgment imposing a prison sentence of not less than twenty (20) nor more than twenty-three (23) years in the armed robbery case and a prison sentence of not less than four (4) nor more than five (5) years in the assault case, he appealed.

*Attorney General Edmisten by Assistant Attorney General John M. Silverstein for the State.*

*Smith & Banks by James W. Smith for defendant appellant.*

HEDRICK, Judge.

By four assignments of error, based on exceptions duly noted in the record, the defendant contends: (1) The trial court erred "in failing to grant a mistrial based on the statement made by the District Attorney to the jury which stated 'The defendant is charged along with another defendant who will be tried next week' "; (2) The trial court erred in concluding that Mr. Eaton's "testimony as to identification was admissible in evi-

dence"; (3) The trial court erred "in concluding that the defendant's statements were freely, voluntarily and understandingly made without undue influence, compulsion or duress, and that said statements are admissible in evidence"; (4) The trial court erred "in allowing the State to introduce into evidence State's Exhibits Nos. 3 and 7, being adding machine and shotgun."

The principles of law raised by these assignments of error and the arguments advanced in support thereof are so well-settled that further elaboration thereon by us in this case would serve no useful purpose. The record before us of defendant's trial demonstrates that the able trial judge correctly followed and applied approved principles of criminal law and procedure in making the rulings challenged by these exceptions. In our opinion, the defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.